Mr. Davis? Thank you, Your Honor. Police and Court. Counsel. Your Honors, we're here today on an appeal from a denial by a district court of a qualified immunity to my client, Kelly Phillips, and to the sheriff in Hunt County. Basically, I think the facts of this case are very important, and the undisputed facts are as follows. On June 28th of 2009, my patrol deputy, Kelly Phillips, went out because there was a claim that somebody had been assaulted. He met the individual at the hospital. The man's name was Richard Griffith, and he claimed that he had been assaulted by an individual by the name of Michael Melton. The officer got the identifying information, according to the undisputed record in this case, description of the individual, etc., from the victim of the crime, Richard Griffith. Based on that information, he drafted a report. He took pictures of the individual, too, who was injured. All he did was draft a report with that information in it. He didn't go arrest Mr. Melton, and Mr. Melton was well known to Mr. Griffith. Mr. Melton, that he was complaining about, had dated Mr. Griffith's wife. But my officer didn't go make an arrest based on the allegation that was made. He didn't draft an affidavit and present it for a warrant. All he did was draft a report based on the information that he got at the time this occurred. And pursuant to procedure, when he went back in for the end of the evening, he filed his report with CID, the Criminal Investigation Division. And a criminal investigator named Mr. Haynes gets that report about 17 days later, or looks at the report about 17 days later, and contacts Mr. Griffith and tells Mr. Griffith, if you want to pursue this case, you've got to come in and sign an affidavit for us. Mr. Griffith doesn't come in and sign the affidavit. About a year later, April of 2010, I'm sorry, March of 2010, Mr. Griffith calls Investigator Haynes and says, what's going on with my case? And Investigator Haynes says, well, you never came in to sign your affidavit, though there is no case. He said, if you want to pursue this case, you need to come in and sign your affidavit. So Mr. Griffith came in in April of 2010 and signed his affidavit. The packet of information, including that signed affidavit, was transmitted to the County Attorney's Office on July 29th of 2010. The County Attorney's Office reviews that information. The County Attorney's Investigator executes an affidavit, a complaint that's sworn to, and it's presented to Judge Bench, who's a county court of law judge, which in Texas is a licensed attorney. The county court of law judge, a neutral, independent, intermediary magistrate, reviews the information and issues a warrant for Michael Milton. Now, the warrant itself doesn't contain identifying information, date of birth, driver's license number, anything like that, which in most warrants I've seen that are executed by county courts and district courts, they do contain that information. So it's a little bit unusual warrant? Well, the warrants that I see from judges usually have the identifying information on the warrant. And if it had that, then we wouldn't be here? If the judge had done his job, we wouldn't be here, is the bottom line. The judge had done his job. Pardon me, Your Honor? Blame it on the judge? Well, Your Honor, I think the county court of law judge ought to review all the information, and I think it's his responsibility to make sure that any warrant that is issued is issued for the right individual. He's a final determiner. Now, the county court of law judge has absolutely . . . False information was the middle name, right? Pardon, Your Honor? False information was the middle name, right? Well, Your Honor, there was no false information that was submitted, and there was no middle name submitted. The affidavit just submitted Michael Melton. That's all the affidavit that was issued by the county attorney's office did. So nobody made a false representation? Nobody made a false representation. And this is not one of those cases where the officers have some personal vendetta, or there's persons spoken out against police, or . . . This is not where they're trying to get this guy on the side. It's just a complete error. Is that right? Everybody agrees with that? Yes, Your Honor. It's a complete error. There's no malice. There's no . . . Well, does everybody agree it was not a reckless mistake? Yes, Your Honor. I think everybody does. Well, then we're done. I think so, Your Honor. Well, I guess they'll tell me, but if they agree that it wasn't reckless and it wasn't false, I don't know why we're here. But we've got 30 more minutes, so go ahead. Yes, Your Honor. Thank you very much. The affidavit, actually, of their expert, who's a retained expert witness who's being paid money, all it says is that he doesn't think that . . . Something's wrong with that, is there? Oh, no, Your Honor. It's just, in my experience, you can pretty well . . . you can get experts to say a lot of different things. What you're saying is right. We wouldn't have put this case on full argument, but we thought there was a serious question here as to whether false . . . to the judge, and surely if no erroneous information was given to the judge, there's no case. Well, I agree. The only thing that shows in the record that was given to the judge is the affidavit that was prepared by the county attorney's office, and it just lists Michael Milton. You know, but the really important thing here . . . Who introduced the wrong person, for that matter? The wrong person, actually, I believe was Mr. Griffith who introduced the situation. He provided the identifying information. But, he didn't give the middle name. He did not to our knowledge. Right. So, how did they get the wrong middle name, then? That's a great question, but I think what actually happens is you get the identifying information, you get the characteristics, you get the address, you get the age, and then a lot of times it goes through dispatch. A lot of times it goes . . . But, in this case, that was Phillips who got that information from the victim. That was Phillips who got the identifying information from . . . All right. So, you're saying everybody agrees it wasn't reckless and it wasn't false and all that. So, I'm reading from the district court's order where the judge said, Alfred suggests it was improper . . . Alfred is the expert that was hired by the plaintiffs who's a former sheriff's deputy who gave an affidavit talking about how they used this PID system. Yes, sir. And, he says it was improper to use the PID system without further knowledge of the assailant's characteristics. That's one of the things he says. Well, that's . . . I'm just asking if that's what he says. That's what the district court had in order. So, he did say that. Yes, Your Honor. That's what the district . . . And so, then the judge says further, the mechanics of the PID system remain unclear. It also remains unclear the extent to which Phillips obtained identifying information of the assailant from Griffith and whether any of that information was cross-checked against the PID results. And so, then he goes further and he says, and so that is, we have some disputed facts about what Phillips' conduct was and what Phillips should have done, that those disputed facts are sufficient that qualified immunity ought to be denied at this time. Now, it doesn't mean that if the facts are developed later, that he did everything he was required to do, he didn't misuse the system, he doesn't have to get any other identifying information, nobody ever does. If all that's borne out, then he could perhaps be entitled to qualified immunity. But, what the judge said is, those facts aren't developed at this time. Because, as I understand your position, what you say is, he didn't sign the affidavit, therefore, qualified immunity. We're not talking about what he did under the PID system, what he looked at, what he should have done. We haven't offered any evidence or facts in connection with that, we meaning you and your side. We're just saying, legally, he's entitled to qualified immunity because he didn't fill out the affidavit. Isn't that your position? Your Honor, actually, there's three positions that we've taken in the case. First is that he did not sign the affidavit, he was not the investigator assigned to the case, he was simply the deputy. Is that all three of them? No, your Honor. That's the one, that he didn't sign the affidavit, which is the one I said, right?  What's second? Second, your Honor, is that the affidavit was submitted by their expert, and the court actually finds the exact same thing. It's conclusory in nature. The court specifically says, Alford surmises that this occurred. Alford suggests this occurred. Alford has no personal knowledge of what occurred. He has no personal knowledge at all, and we point that out in our reply brief, when we talk about how that evidence should not be considered by the court. It's on page six of our, I'm sorry, our reply to the response to our motion for assembly judgment. So, it's pointed out to the court below that this is not evidence that should be properly considered because this person has no personal knowledge of what occurred on this occasion, and even the court concludes that these are conclusions, surmises, suggestions. But I thought you also have a point that it doesn't matter what the expert says, that at most this arises to negligence because it's not, even if the guy failed to check something in a cross thing, that it's not the kind of recklessness that's legally cognizable as recklessness in this context. I totally agree, your Honor. That is the argument, one of the arguments that we're making. That's argument number three? That's argument number two, your Honor, and number three is the causal, the break in the causal. Well, I thought argument number two was the affidavit was submitted by an expert, and the affidavit should be disregarded because it was a conclusory affidavit. That's the same as what the judge just said. That's two different things, isn't it? One is a legal point that even if it was true and considered, it still doesn't arise to legal recklessness. Exactly, your Honor. That's a 2A and a 2B, and then your three is that there was a break in the causal chain because of the judge's involvement. You should just not yes an agreement. Is that right? No, go ahead. Yes, your Honor, that is true. Okay, I'm just trying to make sure we have your arguments. If you're not making an argument, you need to be candid with the court. I thought these were your arguments, and if they're not your arguments, be sure and tell us. No, your Honor, they're our arguments. That's 2A and 2B. Now, what's three? Three, your Honor, we have four arguments, and the arguments are Kelly Phillips is entitled to qualified immunity based on McCulloch v. Herman, which is the fact that he was not involved and did not submit the affidavit to the magistrate. The second argument is that. It sounds just like one. He didn't sign the affidavit. This is he didn't submit the affidavit. He didn't sign it. He didn't sign it or submit it. Didn't sign it or submit it. Didn't know it was being submitted. Didn't know that the criminal investigation division had done anything with the complaint. I mean, he's four steps out of this process. He's the guy on the street. Sends it to CID. CID gets the affidavit from Griffith. CID sends it to the county attorney's office. The county attorney's office reviews the information and takes it to the county court of law judge. What should the judge have done? You said the judge had done his job. What should the judge have done? Well, your Honor, I think the judge should have made sure that the identifying information was correct if it was incorrect, and I'm not even sure that it was really incorrect. But if it was incorrect, the judge is responsible for reviewing all the information. That's why he's shielded by absolute immunity. He reviews all the information and makes a judicial determination about whether the information rises to the level necessary to issue a warrant. And without some type of intentional misrepresentation or malicious representation, What should the judge in this case have done? You said make sure the identifying information was correct. In this case, what would that have been? Well, your Honor, I'm going to back off that statement. I don't think it's the fault of the judge. I probably shouldn't blame the judge. He's relying on the information. But generally, in an arrest warrant, you see a date of birth or you see something on the arrest warrant, and that's what we don't have here. And that's at the judge level. My guy is four steps removed from that process. The county attorney's person could have put that in. At each step, it could have been put in. Phillips could have gone back to the office and got that before. No, your Honor. I mean, it goes from, you know, it goes to CID for investigation. So it goes from the street officer. He doesn't do the investigation. He doesn't need to do that. Okay. It goes to the CID, and from CID it goes to the county attorney. So, you know, the point here, your Honors, is that it's just qualified immunity. You know, we're just talking about the two individuals who have been sued, Phillips and Meeks. That's what we're talking about in this case. If the plaintiff wants to pursue his claims against the county, then he can do that, and he can make arguments that something occurred that was improper at these other levels. You recognize this is everybody's nightmare, that they're the wrong guy, and they're telling everybody they're the wrong guy, and they're stuck in jail, and nobody believes them. I mean, this is just like, you know, this is a terrible nightmare. You know, and unfortunately it happens in our system. I mean, we have the best criminal justice system in the world. We have the best civil justice system in the world. But mistakes do get made in our system, and it's unfortunate when they happen, but they do get made. And even judges who are doing their dead level best to do everything right make mistakes, as do investigators, as do law enforcement officers. And one reason it's the best system is the errors get corrected sometimes. Yes, Your Honor. Reversals do occur, and they're really the only thing that works. Well . . . Makes everything honest. Well, I . . . Tries to make everything honest. I mean, our court system is fantastic with the way that it works. I mean, we're extremely fortunate and lucky. My officers are fortunate and lucky to be in a court system that will analyze their actions and make a determination if they should face the rigors of trial. I'm sorry. I've run you out of time. That's all right, Your Honor. Thank you very much. Thank you. Mr. Dove. May it please the Court and counsel. Your Honors, I believe that this argument needs to be framed with . . . One of my client's claims also included official immunity under state law. But appellant did not bring that on appeal as well. Looking at Judge Godbee's order and in state law is that the elements for official immunity are substantially similar to the reasonableness of the federal qualified immunity claim. So, even if this court . . . And I would submit to you that even if this court decides that we don't get to proceed on our qualified immunity claim, those same exact issues are still going to be litigated on the state law claims of official immunity. Those can go back to the state court, can't they? They can. But, I would just frame my argument in that as the overall result of this court's ruling on the effect on the appellant may end up being the same. But, saying that, I would like to speak to the facts in this case. That sounds like, so it's okay if I lose here because I still got them. That's what that sounds like. If you're making an argument for us to rule for you, you got to tell me how that statement helps you. Maybe you're just being candid, and I appreciate your candid, but does it help you? I believe just as an overall for judicial economy, and I was being candid to the court, yes, in explaining why I believe that any party is not going to be affected. I should rephrase that. I believe that my argument is framed within that. So, you're saying you should lose on your argument, but we should send you on back there, and you can go to state court and hash this out? I'm really puzzled, too, why you began with that. No, Your Honor. Well, then let me get to the factual part of the argument that I think that this case turns on. The officer's actions were reckless because, number one, when you look at the affidavit that Mr. Alford did, and the court had started to focus on that, that not only was the Michael Glenn Melton, it was more than just a middle name issue. Included in the record is that both Alford, as our expert, and the appellant both stated at some point that Mr. David Glenn Melton, the actual assailant, is a known criminal, and that based on that, they should have looked more than what was in the information made to make that. But who should the beat officer have to do that? When they're just filling out the report, they have to put that in? I mean, I don't—why is that on him? It's on him because part of what his report included, a typed—he has a handwritten report that he submitted to the court, or submitted to CID, and then he included a typewritten report attached to that that included my client's identifying information. There is no other possible way that this officer could have obtained that information without going to the PID system, meaning there's no other possible way that it could have—they should have known, and he was reckless of looking at anybody else but Mr. Melton. So it's undisputed that Mr. Phillips himself introduced the wrong person into the situation. I believe it is. I believe that's what they—based on the affidavit of my expert is that, and as Appellant has said, is that it's a conclusory argument. I would counter that to say is that Alford had eliminated all other possible ways that this extra information was entered into, and then it was forwarded on to CID. How much discovery has occurred already? Almost little, very little. There were attached to the original petition that state court was attached to a request for disclosures. Those were never answered because it was removed to federal court. Then after a short time, Judge Gobby entered a scheduling order, and within 60 days the appellant made its motion for summary judgment. There have been no depositions and no others, and that is one of the counter-alternative arguments is that there just has been not enough time to hash out these facts. Is Meeks totally out? I believe he's still in on his official immunity claims. Okay, so Meeks is in only on the state law claim, and Phillips is in on this claim, and he's in because he allegedly introduced it by attaching a computer report, the wrong name. But is that right? Yes, Your Honor. Okay. What case would tell us that this is reckless disregard for the truth as opposed to a clerical error? And that's where I would point to the trial court's order looking at the Franks case, is that it was a reckless misstatement by making it, by going into the system and finding the first person with Michael Melton and not cross-checking it. That amounts to the reckless statement. Weren't the officers in Hart more involved in the preparation of the affidavit than Phillips was here, undisputedly? Well, in Hart, that is true, but the difference between Hart, they were more involved, but the difference between this and Hart would be that Hart involved, like Malachick, multiple officers in making their own conclusions. This case revolves around one person and only one set of facts with one victim in this case that gave any information. But he's not making any conclusions. He's just pushing a button and attaching the wrong report at most, right? You're not saying he's making a conclusion that your client is the person who's really responsible in any sort of way? Well, he is by submitting that person to the next up the chain and identifying it to become the arrest warrant. Okay. Why isn't the chain of causation broken under our precedent? Because this court's – excuse me, the trial court that signed that arrest warrant, information was tainted because of the reckless misstatements of Officer Phillips. There's no way that that court would have been able to make that determination had it not been for the reckless misstatements of Officer Phillips. So is your best case – I mean, what is your best case that this is reckless disregard for the truth as opposed to error? I'm still not clear on that. Because – I don't see how this is reckless disregard. It's reckless because not only did the defendant know that the actual assailant was one of a known criminal person in this county, and I think that's a good time to bring up – the appellant had brought up Fitch v. Morrow. I think that that is a case where this court had determined that, as you said, Judge, that it is not more than just because that was a Harris County case. And in Harris County is 3 million people, whereas Hunt County is about 80,000. So because it's not a big county, he should do better on his computer? Is there a case that's good for you in this area? That's a bad case for you. That is a bad case, but I think it's distinguishable. But the problem is that Phillips and Alford both said that the actual assailant was a known criminal to the department. That should have been enough of a flag for them to be like, oh, yes, I know that this is not the guy we're looking for. It is this individual. This individual has a criminal record. And not only that, they put in, you know, identifiers that were my client's birthday and his driver's license based on that system. If it's right there in front of them, if they have it for their disposal in a system of a county of 80,000 people, there can't be that many people. But isn't that part of the problem in this case, and isn't that the reason that the district court denied qualified immunity at this time? It just says it's unclear what the PID does, how it ought to be used, whether or not using that alone is sufficient, and whether or not you ought to do some cross-references, cross-checking. Aren't all those facts undeveloped at this point, which is a sufficient reason to determine that you've got a genuine dispute of facts that are material? And so you don't grant qualified immunity at this stage. Exactly, Judge. And I would also add that not only is it just based on the PID system and identifying this, but the lapse of time of two years this warrant just sat on the county's desk that there was not any effort made. They never found the right individual. If it's just sitting there, I think that would be part of the recklessness of the appellant to not follow up. What the county did is imputed to him? I'm sorry? The beat officer? What the county did, how is that imputed to the beat officer? Because in a – He's not in charge of the county. No, he's – that's true, but in a county this size, most of these officers, I would argue, have multiple roles. They see these individuals on a regular basis. Does he have some kind of authority to tell them you better get moving on this or something? No, but he would be the only one in the unique position to identify and tell his superiors that, hey, this is the wrong guy. Okay. Can I ask you a couple questions about how there's a fact issue? Yes, Judge. Assuming, arguendo, that your expert is absolutely correct that this is a bad system to use without doing some cross-check or adding some more data and that the officer should have used more data and inputted and done a little more, how is that a reckless disregard for the truth, the failure to use the computer programs correctly in conjunction with other data? Because they do have the information of the right assailant. They have it. I know, but how is that a reckless disregard? How does that create a fact issue? If we all agree that they could have done something else, I don't know what the fact issue is. Because if we spot you, that your expert's right that they have this other computer system and that it's best practice to do this other thing and you could do more, even if he didn't meet the standard of care in the industry and we spot you the expert and not saying the expert is wrong or should be disregarded, I still don't see how you win. I would just submit, Judge, that that is the crux, I guess, is because the information was so readily available and the truth was so easily right there in front of them that he recklessly disregarded it. And I'm going to ask you, I think, for the third time, do you have a case that says that failure to follow the standard of care in the industry of police officers in this sort of way is a reckless disregard for the truth? Just the general statements of the law that I have put forth to the court. No, I don't have a specific case to this exact fact scenario, Judge. But I would just... Well, then, why wouldn't he be entitled to qualified immunity because it's not clearly established that an officer who fails to follow the standard of care in the retrieval of information is a violent? Why didn't he win on clearly established? Because I don't believe that it has been clearly established by this court that, in fact, him not doing those things, by him not following the standard of care, is nothing more than negligence. Okay. But you have to actually bear the burden. This qualified immunity is weird that way, of showing that it's clearly established that it is a violation. Even though he gets to raise it, he doesn't have to meet it. You have to come back and meet it. You bear the burden to show that it's clearly established law, that an officer would know that failure to follow the standard of care in this way is a violation of constitutional rights or could be. And then it's because of this particular set of facts, I don't believe have been presented to this court. That's right. And sometimes if it hasn't been, that's unfortunate for people who want to make law in this area for the plaintiffs. But that's the way the law works, isn't it? Well, Judge, I'm not asking this court to make law for . . . What I am asking is to make a distinguish of the cases that I do admit are bad for me, such as Fitch. I understand that. And back to that Fitch case, you keep asking me or the court has asked me about a case that is good for me. I would only just be able to distinguish that case because in that case not only did that officer look into the initial investigation, they used a computer data system, but that officer took the time and testified to say that he compared these two names of two individuals and compared other identifying information and then made a conclusion that it was the same person. This officer didn't do that. And this officer had a much smaller database available to him with individuals that these officers know. I can tell you in the county at this size is that these officers know who the bad guys are. And by having it so readily available to him, he failed to look anything past what he had right there in front of him. Does the record show that your client's name was in the computer? No, that has not been developed. It has not been able to develop in the record yet. So the record doesn't show whether the other man's name was in there either, the real bad guy, the real criminal, Michael Glenn? It doesn't say. We don't have that in the record yet, no, Judge. All we know is that the officer— Well, my officer, my expert argues that based on his knowledge of the system, his knowledge of the actual assailant, Michael Glenn Melton, is why it would be in there because he has known this one as a known criminal in the community. That's why he would know. And we get there by process of elimination. And my officer's expert opinion on his inner workings of that particular department in that size county. Your expert says both names were in the computer? No, he does not specifically say that. And that would be something that we had asked the lower court to help us give time to develop in our response to the motion for summary judgment originally. Does your client have a criminal record? No, Your Honor. So arguably, I guess he would have no presence in the record. Well, and it's not in the record. Him being in that system, we weren't able to develop that as much. But whether or not there's witnesses in that system as well could be part of it. But I hate to keep coming back to we haven't had the sufficient opportunity to develop that part of it. And an affirmance of Judge Godby's ruling now doesn't prevent a later determination that Phillips may be entitled to qualified immunity, does it? Absolutely, they could re-urge it. I mean, you could develop some facts and he could ultimately be determined to be entitled to qualified immunity. Right? I believe so. Yes, Judge. I guess I'm guilty of personalizing this. I live in a county which is relatively small, but there are about six guys named James Graves. And I sure would hate to think that if a warrant got issued and they came to pick me up, it would take them about 16 days to discover that they had the wrong James Graves. One of them, me, the guy with no criminal record. And then there's another guy who's a known criminal in the county, and I've got to sit in jail for 16 days before they figure out, all right, we've got the wrong guy. And that's what happened here. Yes. Well, and criminal defendants often say, it wasn't me. You got the wrong guy. I mean, that's just something that happens. The only system that they had put in place is the one that they failed to rely on, and that is what we believe is reckless. Okay, sir. We have your argument. Thank you. Thank you, Judge. Mr. Davis, you have five minutes on the vote. Thank you, Your Honor. Your Honor, there seems to be an argument that's being made that the record wasn't properly developed. The court allowed 60 days. The court ordered us to file our motions for summary judgment based on qualified immunity. That was the court's order and ordered us to do it within 60 days. So the plaintiff had ample opportunity to develop whatever evidence and whatever discovery and take whatever depositions they wanted to take. They simply did not afford themselves that opportunity. So, Your Honor, we shouldn't be penalized because they claim they didn't develop the record. Additionally, Your Honor, I would— Well, right now they won below, though, on that one again. As regards Phillips, they won on the record they developed. They won for now. The judge said they get to go forward and no qualified immunity for Phillips. Yes, Your Honor. All right. And did not point out to the court below at any point that they hadn't had an adequate opportunity to conduct all the discovery they wanted. But in going back— Well, the judge is going to give you an adequate opportunity when you go back to demonstrate that Phillips is, in fact, entitled to qualified immunity. Isn't that going to happen? No, Your Honor, it won't. The judge issued an order saying that we had to file our qualified immunity motions within 60 days. The court's not going to reconsider that issue. The court's ruled on that issue. We can't bring it back up. We'll have to go all the way through the discovery process. We can file a motion on behalf of the county. You will bring it back up after discovery. We've already conducted some discovery. I hope, you know, if that were the case that we could, but I don't believe that— I think the court will say the opportunity rule on qualified immunity, the motion addressing qualified immunity, I ordered them to be filed within 60 days. Both parties have addressed it. We're moving forward. But to the extent he said there was a fact issue, then you can fill that fact in. I mean, the court said there was a fact, right? The court said there was a fact issue based on their expert's conclusory statement. Well, here's what he said. He said these open questions preclude qualified immunity because their resolution in Milton's favor could support a finding that Phillips was reckless in identifying Milton as the assailant, satisfying the requirements for a valid Frank's claim, which by inference means that there could be a resolution not in favor of Milton. Isn't that what that means? He's not saying I won't ever take this up again. He's saying these are open—he calls them open questions. Well, Your Honor, here's the situation that developed. It's up to the plaintiffs in the case to defeat qualified immunity. We raise it. They have the burden of proof. If they haven't established the facts and the fact issues that are submitted to the court, then they've lost that opportunity. The burden's on them. It's not on us. Well, then they won, so we just need to affirm. No, Your Honor. They won. You need to reverse and grant qualified immunity to my clients. Can I ask you— Yes, Your Honor. Is it undisputed that Phillips introduced the wrong printout when he attached it to his— is that true that he attached it to his handwritten report he attached the printout? Is that true? Your Honor, that I don't know. We know the handwritten report, sir. We don't know who— You don't know where that piece of paper came from? It could have come from investigation. It's been seven years. It could have come from CID. It could have come from the county attorney's office. Is it in the record of whether the real person was convicted or not? I'm just curious. Is that in the record? No, Your Honor. There's no record of that. Okay. There's no record of that. I think the Fitch case is directly on point in our situation. I think it's particularly instructive. Cert was denied in that case. In that case, the investigator who signed the warrant actually went on a computer database and came up with the wrong name, and his actions were deemed to be negligent. He mistakenly picked the plaintiff's name, which was similar but not the same as the name given to him by the investigating officer. And the court said, okay, it's a mistake. That's negligence. Based on those facts, that's negligence. And it was determined by a neutral and detached magistrate that a warrant should issue. So the court found both. In Fitch, I believe it's very instructive to the court and very helpful to us. Thank you, Your Honors. I appreciate your time very much. Thank you. Thank you, Mr. Davis.